UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

KASSIN APPLING                                    Index No.:

               Plaintiff,
                                                   **COMPLAINT**

  -against-

                                                   Plaintiff Demands Trial by Jury

CITY OF NEW YORK,
DETECTIVE WILSON VERDESOTO and
POLICE OFFICER KEVIN FORRESTER

               Defendants.

----------------------------------------------------------X

      Plaintiff, KASSIN APPLING, by his attorneys, Alexis G. Padilla, Esq. and Keith White, PLLC, complaining of the defendants, The CITY OF NEW YORK, DETECTIVE WILSON VERDESOTO, Tax No. 937685 ("DET. VERDESOTO") and POLICE OFFICER KEVIN FORRESTER, Shield No. 26915 ("P.O. FORRESTER"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

      1.    This is a civil rights action in which the plaintiff, KASSIN APPLING seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred

upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant DETECTIVE WILSON VERDESOTO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant DET. VERDESOTO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the

course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant POLICE OFFICER KEVIN FORRESTER was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant POLICE OFFICER KEVIN FORRESTER acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. On or about December 20, 2016 at approximately 8:00 P.M. in the vicinity of 240 Ralph Avenue, a residential building in the Breevort Houses in Bedford-Stuyvesant Brooklyn, plaintiff exited from the building's front entrance along with four other individuals and began walking down the ramp that runs parallel to the front of the building.

10. At the end of the ramp, plaintiff and the four individuals encountered defendants DET. VERDESOTO and P.O. FORRESTER along with another police officer, Sgt. Vincenzo Dimartino.

11. The defendants approached the group.

12. The defendants recognized plaintiff and at least one other member of the group and intended to engage them.

13. Just as they approached, another member of the group removed what appeared to be a firearm from his jacket and threw said firearm over a fence. He then proceeded to take off running at full speed.

14. The defendants along with Sgt. Dimartino gave chase and eventually pursued the suspect into 340 Bainbridge Street, another building in the Breevort Houses, where the suspect eventually disappeared.

15. Later that evening, DET. VERDESOTO, in a sworn police report, falsely claimed that the individual who tossed the firearm was plaintiff, when in fact he was well aware that plaintiff was actually one of the other four in the group.

16. Defendant DET. VERDESOTO would also issue an I-Card for plaintiff's arrest based on the false assertion that he saw him toss a gun on December 20, 2016.

17. Approximately thirty-five days later, on January 27, 2017, plaintiff was arrested pursuant to this I-card and taken into custody on charges including criminal possession of a weapon in the second degree, a charge which was based on the false assertion of defendant DET. VERDESOTO that he saw plaintiff toss a gun on the night of December 20, 2016.

18. In Grand Jury proceedings related to these charges, both defendants DET. VERDESOTO and P.O. FORRESTER falsely testified that they saw plaintiff toss a gun on December 20, 2016.

19.     At plaintiff's trial, approximately a year and four months later, both defendants DET. VERDESOTO and P.O. FORRESTER falsely testified that they saw plaintiff toss a gun on December 20, 2016.

20.     On May 4, 2018, plaintiff was acquitted at trial of the charge of criminal possession of weapon in the second degree, the only charge for which he would face trial related to this incident.

21.     As a result of the false charges leveled against plaintiff by defendants DET. VERDESOTO and P.O. FORRESTER plaintiff spent approximately sixteen months falsely imprisoned on Riker's Island awaiting trial.

## AS FOR A FIRST CAUSE OF ACTION

### *DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

22.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

23.     At all times during the events described above defendants lacked probable cause to arrest plaintiff

24.     At all times during the events described above defendants lacked probable cause to charge plaintiff with criminal conduct.

25.     All of the aforementioned acts of defendants were carried out under the color of state law.

26.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

28. The acts complained of deprived plaintiff of his rights:

    i. To be free from false arrest;

    ii. To be free from unwarranted and malicious criminal prosecution;

    iii. To receive a fair trial; and

    iv. To be free from deprivation of liberty without due process of law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

29. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

30. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer defendants because their conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

31. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

32. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

33. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

34. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 07/26/2018
Brooklyn, NY

By: /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP8285]
Keith White, PLLC
*Attorneys for Plaintiff*
*Kassin Appling*
198A Rogers Avenue
Brooklyn, NY 11225